PROB 12C  
(06/17)

October 2, 2020

pacts id: 204178

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Edgar Dagoberto Aguilera (English)      **Dkt No.:** 19CR01256-001-AJB

**Reg. No.:** 94810-198

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i), Transportation of Certain Aliens, a Class C felony.

**Date of Sentence:** September 9, 2019

**Sentence:** 15 months' custody; 3 years' supervised release.  *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** April 20, 2020

**Asst. U.S. Atty.:** Ashley E. Goff      **Defense Counsel:** Eric Studebaker Fish, Fed. Def., Inc. (Appointed) (619) 234-8467

**Prior Violation History:** None.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 1. On or about September 8, 2020, Mr. Aguilera transported illegal aliens a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), as evidenced by the complaint filed in connection to U.S. District Court, Southern District of California, Dkt. No.: 20MJ09712-001-RBM. |

*Grounds for Revocation:*  As to allegation 1, I have received and reviewed the complaint and attached statement of facts filed in connection with the U.S. District Court, Southern District of California, Dkt. Number 20MJ09712-001-RBM, which confirms the following:  On the above date, Border Patrol Agent Ceballos was performing his Border Patrol duties as part of the El Centro Station Mountain Disrupt Unit approximately 29 miles west of the Calexico, California Port of Entry.  Agent Ceballos was informed that a group of suspected illegal aliens were seen west of Mountain Springs Road and Interstate 8 (I-8).  Agent Ceballos parked his government issued vehicle near the area in order to observe vehicle traffic.  It is a common tactic for alien smugglers to use the Mountain Springs Road exit to facilitate their travel up and down the grade when picking up illegal aliens.  Agent Ceballos noticed a black Chevrolet Impala exit the I-8 westbound lanes and then make a southbound turn onto Mountain Springs Road exit.  The Impala had all of its windows tinted and the only visible people in the Impala was the

driver and a front passenger. Agent Ceballos noticed the Impala travelling at a high rate of speed as it passed his location. The Impala then entered the 1-8 eastbound lanes, and Agent Ceballos decided to follow the vehicle. Agent Ceballos contacted the El Centro Radio Communications to request record checks on the Impala. The record checks showed the Impala had no record on file. It is a common tactic for alien smugglers to use unregistered vehicles in order to avoid being traced to the owner if encountered by law enforcement.

Agent Ceballos attempted to perform a vehicle stop on the Impala. He noticed the Impala increased its speed and failed to yield to his emergency lights and sirens. The driver of the Impala began driving erratically attempting to maneuver between lanes and weaving through traffic. Agents deployed the Controlled Tire Deflation Device (CTDD), causing one of the tires of the Impala to deflate. The Impala continued to drive and failed to stop as agents deployed a second set of CTDD. As the Impala approached the location it swerved into the median to avoid the CTDD. The Impala then reentered I-8 on the opposite side of the road and into oncoming traffic for a short period of time. The Impala then returned to the I-8 eastbound lanes. Agent Ceballos continued to pursue the Impala and noticed a tire was completely shredded off the rim as the Impala yielded on the eastbound lanes of I-8. Agent Ceballos approached the Impala and noticed several passengers inside the vehicle. He identified himself as a United States Border Patrol agent. The driver, later identified as Edgar Dagoberto Aguilera, was placed under arrest for failing to yield. Agent Ceballos then approached the four passengers inside the vehicle and questioned them as to their citizenship. All four passengers stated they were citizens of Mexico without the legal immigration documents allowing them to remain in the United States legally. The four passengers were transported to the El Centro Border Patrol Station for further processing.

Agent Ceballos proceeded to advice Mr. Aguilera he was under arrest for alien smuggling. A search of Mr. Aguilera's person revealed a small round bag of a crystal-like substance consistent with the characteristics of methamphetamine, concealed in Mr. Aguilera's underpants. The substance later tested positive for methamphetamine with a total weight of 23 grams.

All Material Witnesses stated that they were going to pay between $7,000-$8,000 to be smuggled into the United States. Furthermore, they stated they feared for their life at some point during the pursuit due to the Mr. Aguilera's unsafe driving. All Material Witnesses positively identified Mr. Aguilera as the driver of the Impala.

On September 9, 2020, a complaint was filed charging Mr. Aguilera as stated above. Mr. Aguilera is scheduled for a Preliminary Hearing on October 8, 2020, at 9:00 AM before Magistrate Judge Mitchell D. Dembin.

| (Standard Condition) | |
|---|---|
| The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 2. On or about August 27, 2020, Mr. Aguilera failed to notify the probation officer of his change of address. |

***Grounds for Revocation:***   As to allegation 2, on March 19, 2020, the undersigned reviewed the conditions of supervision with Mr. Aguilera and instructed him to notify the undersigned of any change of address. On August 27, 2020, the undersigned made telephonic contact with Mr. Aguilera's mother who stated Mr. Aguilera was no longer residing with her and had not seen him in several weeks. Mr. Aguilera failed to notify the probation officer of his change of address as required.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Aguilera did not adjust well to supervision. He began his latest term of supervised release on April 20, 2020. He reported as instructed and informed the undersigned he was going to be residing with his mother in Calexico, California. Due to the Covid-19 pandemic Mr. Aguilera was ordered to report to the probation officer by telephone. Mr. Aguilera failed to report by telephone as instructed. On August 27, 2020, the undersigned contacted Mr. Aguilera's mother who informed the undersigned Mr. Aguilera was no longer residing at her residence. She stated she knew for a fact he had the same telephone number because she was paying for the service on his telephone. The undersigned made several attempts to contact Mr. Aguilera by telephone, left many voicemails and text messages to no avail. Unfortunately, Mr. Aguilar was arrested for transporting aliens and never return the undersigned's phone calls or text messages.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Aguilera is a 38-year-old male who last reported he was residing with his mother in Calexico, California. He reported no employment during his term of supervised release. Mr. Aguilera is a long-time methamphetamine user and was in possession of methamphetamine during his recent arrest.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Transportation of Illegal Aliens, which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 18 to 24 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Case 3:19-cr-01256-AJB   Document 61   Filed 10/02/20   PageID.124   Page 4 of 6

PROB12(C)

| | |
|---|---|
| Name of Offender: Edgar Dagoberto Aguilera | October 2, 2020 |
| Docket No.: 19CR01256-001-AJB | Page 4 |

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Due to Mr. Aguilera's ongoing criminal activity, it is respectfully recommended a bench warrant be issued for his arrest.

## RECOMMENDATION/JUSTIFICATION

About four months after his release from federal custody Mr. Aguilera once again finds himself incarcerated. Mr. Aguilera is lucky no one was hurt during his latest transportation of illegal alien venture, as he put his life, the lives of his passenger, the lives of the agents, and the public in general in grave danger. His latest arrest marks Mr. Aguilera's fifth federal offense and unfortunately there is no indication anything has helped curtail his criminal behavior.

Therefore, with the aforementioned in mind, it is respectfully recommended Mr. Aguilera's term of supervised release be revoked and he be sentenced to 24 months' custody, to be served consecutive to any sentence imposed in 20MJ09712-001-RBM. A term of supervise release is not recommended, as more than likely he will be placed on supervised release in the pending criminal matter alleged as a violation herein.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: October 2, 2020**

| | |
|---|---|
| Respectfully submitted:<br>DANIEL J. KILGORE<br>CHIEF PROBATION OFFICER | Reviewed and approved: |
| by _____<br>Sergio L. Arteaga<br>U.S. Probation Officer<br>(760) 339-4204 | _____<br>Pascual Linarez<br>Supervisory U.S. Probation Officer |

PROB12CW                                                                October 2, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Aguilera, Edgar Dagoberto

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR01256-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | **Violation(s)** | **Grade** |
   |---|---|
   | Transportation of Illegal Aliens | B |
   | Failure to Report Change of Address | C |
   |  |  |
   |  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [   B   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                 [   V   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [ 18 to 24 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution ($) | _____ | Community Confinement | _____ |
   |---|---|---|---|
   | Fine ($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Edgar Dagoberto Aguilera | October 2, 2020 |
| Docket No.: 19CR01256-001-AJB | Page 6 |

**THE COURT ORDERS:**

__X__    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____
The Honorable Anthony J. Battaglia
U.S. District Judge

10/2/20
Date